**Supreme Court**

Clean Harbors Environmental Services, : 
Inc.

v. :

96-108 Pine Street LLC :     No. 2019-164-Appeal.
    (PM 12-1322)

v. :

J.R. Vinagro Corporation. :


J.R. Vinagro Corporation :

v. :     No. 2019-165-Appeal.
    (PM 12-1719)

96-108 Pine Street LLC. :

# O R D E R

These consolidated appeals came before the Supreme Court on September 28, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After considering the parties' written and oral arguments, we conclude that cause has been shown. Thus, these appeals are assigned to the regular calendar for full briefing and argument.

On July 7, 2011, the plaintiff/third-party defendant, J.R. Vinagro Corporation (Vinagro), and the defendant/third-party plaintiff, 96-108 Pine Street LLC (Pine

Street), executed a demolition contract for a fixed fee of $297,000 (the contract).[1] The contract required Vinagro to demolish a parking garage owned by Pine Street and located at 100 Pine Street in Providence (the garage); to conduct dewatering operations, as necessary; and to apply for, obtain, and pay for all permits as necessary for the completion of the work. The contract also contained a time-is-of-the-essence clause and required Vinagro to complete the project within eight weeks. However, after commencing work, Vinagro observed six feet of oil-contaminated water in the basement of the garage. Vinagro brought in a subcontractor, plaintiff Clean Harbors Environmental Services, Inc. (Clean Harbors), to remediate the contamination; however, work was disrupted and litigation ensued.

The parties, including Clean Harbors, filed three separate cases in Providence County Superior Court; the court consolidated the cases on July 27, 2012.[2] Thereafter, the court granted summary judgment in favor of Clean Harbors on its breach-of-contract and bond claims. The claims remaining for trial following the grant of summary judgment were (1) Vinagro's direct claims against Pine Street for

---

[1] The pertinent facts have been gleaned from the Superior Court records, as well as the statements and supplemental statements filed on behalf of the parties pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. These facts do not appear to be in dispute.

[2] The three actions are J.R. Vinagro Corporation v. 96-108 Pine Street LLC (PM 12-1719); Clean Harbors Environmental Services, Inc. v. 96-108 Pine Street LLC v. J.R. Vinagro Corporation (PM 12-1322); and Clean Harbors Environmental Services, Inc. v. J.R. Vinagro Corporation et al. (PC 12-2141).

breach of contract and unjust enrichment; (2) Pine Street's amended third-party complaint against Vinagro for breach of contract; and (3) Vinagro's third-party counterclaim against Pine Street for breach of contract and unjust enrichment.

On February 16, 2018, following a nonjury trial, the trial justice issued a written decision in favor of Vinagro on its breach-of-contract and quantum meruit claims, and in favor of Pine Street on its breach-of-contract claim. The trial justice awarded Vinagro $145,500 on the base contract and $284,245.92 for the extracontractual work, plus prejudgment interest from May 12, 2012.[3] The trial justice also awarded Pine Street $62,000 in liquidated damages, plus prejudgment interest from November 1, 2012. The trial justice reserved decision on the issue of attorneys' fees.

Thereafter, Vinagro and Pine Street each moved for attorneys' fees and costs based on Section 10 of the contract, which reads:

> "If any party to this Contract brings a cause of action against the other party arising from or relating to the Contract, the prevailing party in such proceeding shall be entitled to recover its reasonable attorney fees and court costs."

In ruling on the parties' cross-motions for attorneys' fees, the trial justice determined that Vinagro's quantum meruit claim did not fall within the attorneys'

---

[3] The parties had stipulated at trial that Vinagro was entitled to $145,500 on the base contract.

fee provision of the contract, but also found that each party had prevailed on its respective claim for breach of contract. The trial justice therefore denied each party's motion, declining to award either party attorneys' fees or costs. Final judgment entered on January 11, 2019, in the consolidated matters, and Vinagro timely appealed the denial of attorneys' fees and costs in both PM 12-1322 and PM 12-1719.

After hearing arguments and carefully reviewing the memoranda filed on behalf of the parties, we are of the opinion that cause has been shown and that this case should be returned to the regular calendar for full briefing and argument. In doing so, we direct the parties to set forth the applicable standard of review with respect to this Court's consideration of the issues on appeal and to address (1) the legal significance of the fact that the relevant attorneys' fee provision in this case arises out of contract rather than in the context of a mechanic's lien; and (2) whether the phrase in Section 10 of the contract "the prevailing party in such proceeding shall be entitled to recover its reasonable attorney fees and court costs" is distinguishable from the phrase "shall be awarded," such that an award of attorneys' fees was not mandatory in the present case. The parties shall address these issues among such

other issues as they consider appropriate to decide the appeals before this Court.[4]  It is so ordered.

Entered as an order of this Court this <u>10th</u> day of November, 2021.

By Order,

___/s/ Debra A. Saunders, Clerk___

Clerk

---

[4] This Court strongly encourages the parties to pursue settlement.  *See Skaling v. Aetna Insurance Company*, 799 A.2d 997, 1012 (R.I. 2002) ("It is the policy of this state to encourage the settlement of controversies in lieu of litigation.").



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Clean Harbors Environmental Services, Inc. v. 96-108 Pine Street LLC v. J.R. Vinagro Corporation.<br><br>J.R. Vinagro Corporation v. 96-108 Pine Street LLC. | |
| **Case Number** | No. 2019-164-Appeal.<br>(PM 12-1322)<br><br>No. 2019-165-Appeal.<br>(PM 12-1719) | |
| **Date Order Filed** | November 10, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht | |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Jackson C. Parmenter, Esq.<br>Michael A. Kelly, Esq. | |
| | For Defendants:<br><br>Amando E. Batastini, Esq.<br>Joseph J. Reale, Jr., Esq.<br>Jeffrey S. Brenner, Esq. | |